IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.

CESAR GUERRERO-NUNEZ,
Defendant.

CRIM. NO. 22-054 (FAB)

Received & filed
April 28, 2022
10:30 AM
OV

PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, **CESAR GUERRERO-NUNEZ**, and Defendant's counsel, Cherrelle Herbert, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to count one of the indictment in this case, which charges, in sum and substance, that on an unknown date, but no earlier than January 30, 2022, in the District of Puerto, the defendant herein, **CESAR GUERRERO-NUNEZ**, an alien who has been previously removed from the United States subsequent to a conviction for an aggravated felony, did knowingly and intentionally attempt to re-enter the United States without having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States; in violation of Title 8, *United States Code*, Section 1326(a) & (b)(2).



2. **Maximum Penalties**

Count One: The maximum statutory penalty for the offense charged in Count One of the indictment is a term of imprisonment of up to twenty years, pursuant to 8 U.S.C. 1326(a)(2); a fine not to exceed $250,000.00 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

3. **Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

4. **Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

5. **Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form



500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINE CALCULATION 8 U.S.C. § 1326(b)(2) | |
|---|---|
| Base Offense Level: U.S.S.G. § 2L1.2(a) | 8 |
| 2L1.2(b)(1)(A) the defendant committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense | +4 |
| 2L1.2(b)(2)(B) Prior conviction, 28months | +8 |
| Acceptance of Responsibility: U.S.S.G.§ 3E1.1(a) & (b) | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | 17 |
| RANGE IF CRIMINAL HISTORY CATEGORY III | 30-37 |
| RANGE IF CRIMINAL HISTORY CATEGORY IV | 37-46 |
| RANGE IF CRIMINAL HISTORY CATEGORY V | 46-57 |

8. **Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of thirty-three (33) months.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

10. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is equal to or less than a sentence of 37 months, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by the parties for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the opposing party will be free to ask for any sentence, either guideline or statutory.

12. **Satisfaction with Counsel**

Defendant is satisfied with counsel, Cherrelle Herbert, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. No Effect on Pending Investigations

Defendant acknowledges that the United States has made no promises regarding possible future charges against him and he understands this plea agreement provides him no protection against any such potential charges.

18. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

21. **Potential Impact on Immigration Status**

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, he may be

removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Jenifer Hernandez
Assistant U.S. Attorney
Chief, Child Exploitation and Immigration
Dated: 4/6/2022

_____
Jordan H. Martin
Special Assistant U.S. Attorney
Dated: 4/5/22

_____
CESAR GUERRERO-NUNEZ
Defendant
Dated: 4/13/22

_____
Cherrelle Herbert,
Counsel for Defendant
Dated: 4/13/22

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 4/13/22

_CESAR GUERRERO_
CESAR GUERRERO-NUNEZ
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 4/13/22

Cherrelle Herbert, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, Defendant **CESAR GUERRERO-NUNEZ** admits that he is guilty as charged in the indictment and admits the following:

1. On January 30, 2022, at approximately 11:00a.m. a Puerto Rico Police Department Maritime Unit (FURA) intercepted a suspicious vessel at approximately seven (7) nautical miles off Cabo Rojo, Puerto Rico.

2. The intercepted vessel had fifty-eight (58) migrants onboard, including **CESAR GUERRERO-NUNEZ**.

3. For safety of lives at sea, all subjects were safely transferred to United States Coast Guard Cutter Valiant, due to vessel overload and to minimize casualties. Onboard the cutter, the subjects' fingerprints were entered into biometrics system. Biometric checks revealed that **CESAR GUERRERO-NUNEZ** has prior immigration and criminal history.

4. As to **CESAR GUERRERO-NUNEZ**'s immigration and criminal history:

    a) On May 27 2008, **CESAR GUERRERO-NUNEZ** was convicted in the Trial Court of Massachusetts for Heroin Possession in violation of Massachusetts Law, Chapter 94C, Section 34 and sentenced to a term of imprisonment of sixty (60) days.

    b) On February 25, 2011, **CESAR GUERRERO-NUNEZ** was convicted in the Trial Court of Massachusetts for Assault and Battery in violation

of Massachusetts Law, Chapter 265, Section 13(A) and sentenced to a term of imprisonment of two (2) years.

c) Additionally, on February 25, 2011, **CESAR GUERRERO-NUNEZ** was convicted in the Trial Court of Massachusetts for Threat to Commit Crime in violation of Massachusetts Law, Chapter 275, Section 2 and sentenced to a term of imprisonment of four (4) months.

d) On September 5, 2013, **CESAR GUERRERO-NUNEZ** was convicted in the United States District Court, District of Massachusetts for Felon in Possession of a Firearm and Ammunition in violation of Title 18 U.S.C. Section 922(g)(1), Title 18 U.S.C. Section 924(d), and Title 28 U.S.C. Section 2461(c) and sentenced to a term of imprisonment of twenty-one (21) months.

e) On August 28, 2014 an order of removal was issued by an Immigration Judge against **CESAR GUERRERO-NUNEZ.**

f) On October 8, 2014 **CESAR GUERRERO-NUNEZ** was officially and physically removed from the United States to the Dominican Republic from the Port of New Orleans, Louisiana.

g) On January 28, 2017 **CESAR GUERRERO-NUNEZ** was arrested by U.S. Border Patrol, after being intercepted at sea, for attempting to re-enter the United States illegally.

h) On January 29, 2017 an expedited removal order was issued against **CESAR GUERRERO-NUNEZ**.

i) On July 19, 2017 **CESAR GUERRERO-NUNEZ** was convicted of Title 8 U.S.C. Section 1326(b)(2) – reentry of removed aliens – and sentenced for a total term of thirty-three (33) months and a term of supervised release of three (3) years.

j) On July 16, 2019 **CESAR GUERRERO-NUNEZ** was, once again, officially and physically removed from the United States to the Dominican Republic from the Port of New Orleans, Louisiana.

5. On February 3, 2022, **CESAR GUERRERO-NUNEZ** was brought to the Mayaguez Port of Entry by USCG, where Border Patrol Agents were dispatched to investigate and to assume custody. At Ramey Station **CESAR GUERRERO-NUNEZ**'s photograph and fingerprints were taken and entered into different law enforcement databases. Record Checks confirmed that **CESAR GUERRERO-NUNEZ** has prior immigration and criminal history, corroborating the information previously provided by USCG.

6. **CESAR GUERRERO-NUNEZ** attempted to re-enter the United States at a place other than a designated port of entry.

7. **CESAR GUERRERO-NUNEZ** does not have any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United

States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission Into the United States.

8. Furthermore, **CESAR GUERRERO-NUNEZ** was not inspected, admitted or paroled Into the United States by an Officer of the Bureau of Customs and Border Protection.

9. Had the United States proceeded to trial, the Government would have presented testimony from law enforcement agents, testimony from an expert fingerprint analyst, the Defendant's removal documents, and other documentary evidence. Discovery was provided to the defense in a timely manner.

_____
Jordan H. Martin
Special Assistant U.S. Attorney
Dated: 4/5/22

_____
CESAR GUERRERO-NUNEZ
Defendant
Dated: 4/13/22

_____
Cherrelle Herbert,
Counsel for Defendant
Dated: 4/13/22