IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CESAR GUERRERO-NUNEZ,<br>Defendant. | Case No. 22-054 (FAB) |

**SENTENCING MEMORANDUM**

TO THE HONORABLE FRANCISCO A. BESOSA
UNITED STATES DISTRICT COURT JUDGE
FOR THE DISTRICT OF PUERTO RICO

    Cesar wanted to break the cycle. Almost immediately after his birth, Cesar's parents abandoned him. Amidst allegations of infidelity, Cesar's mother moved to Venezuela leaving Cesar and his siblings behind. When Cesar's father refused to acknowledge paternity, Cesar was split up from his siblings, and sent to live with his maternal grandmother, Arcina Tejada. While Cesar's grandmother loved Cesar, he longed for acceptance and love from his parents. As a child, Cesar dreamt of his mother returning to be with him in the Dominican Republic. That she never did, haunts Cesar to this day.

    Cesar and Arcina lived in poverty. While Arcina did everything she could to provide for Cesar, she struggled to provide him with food and other basic necessities. When she passed in 2001, Cesar's uncle took Cesar in and provided for Cesar as best as he could. When

1

his uncle passed, Cesar's cousins forced Cesar to leave the home where he'd been raised. Without stable housing in the Dominican Republic, Cesar knew he would be unable to provide for himself and his daughters. He travelled to Puerto Rico, wanting to provide his daughters with a better life. And for a moment in time, fleeting as it was, he succeeded. While Cesar lived in the United States, he was able to work and earn enough to send money home to his daughters weekly. The money he earned covered their basic needs, medical expenses, and paid for their education. However, as a young man in his twenties, Cesar struggled with feelings of depression. He made a series of poor decisions that dramatically changed the course of his life. After several encounters with the criminal justice system, Cesar was deported from the United States back to the Dominican Republic. He lost everything.

    At 44 years old, Cesar wants nothing more than to provide his daughters with the familial and financial support he lacked as a child. He wants nothing more than to break the cycle of poverty and instability that defined his upbringing and persists throughout his family. It is out of his desperate desire to support his daughters that Cesar embarked on the dangerous voyage to Puerto Rico, in January 2022. When Cesar boarded the yawl and sat shoulder to shoulder with 57 other men and women on a boat designed to carry only a small fraction of the number of people aboard the yawl, Cesar was afraid, but desperate for financial stability. In the Dominican Republic, the gap between what Cesar earns and the expenses of his basic necessities is so significant, that for Cesar, it feels insurmountable. For the last few years, despite working constantly, Cesar has had to rely on financial support

from a family friend in the United States, to cover basic necessities such as food and housing. Cesar has watched his youngest daughter, Darlenis, suffer from diabetes; a condition that should be manageable, but isn't because Darlenis lacks access to adequate medical care. Instead, Darlenis is constantly ill and unable to work. It is against this backdrop, one of a father's desperate desire to help his family, that at 44 years old, Cesar boarded a yawl when he should not have.

Almost six months have passed since Cesar has seen his daughters and Cesar knows that if this Honorable Court accepts the recommendation of the parties, more years will pass before he will be able to see his daughters again. Of all the hardships he has suffered, feeling as though he has yet again abandoned his daughters, has been the most difficult. Having been abandoned by his parents, Cesar is intimately familiar with the feelings of sadness his daughter now expresses to him. As a father, being responsible for his daughters' sadness and being unable to help Darlenis, has been devastating. Yet, Cesar understands that he is responsible for his actions, and he accepts responsibility.

From the moment of his arrest, Cesar has been remorseful and cooperative. He entered into a swift plea agreement where he joins the government in requesting a sentence of thirty-three (33) months. Cesar also promptly participated in the presentence investigation interview, where he accepted responsibility for his actions and consistently expressed remorse. Despite the mistakes he has made, Cesar is committed to being a supportive father to his daughters, and though he knows he will likely have to serve years in prison before he can return to the Dominican Republic, he is already looking forward to

developing skills that may make him a more competitive job seeker when he returns.

When determining a just sentence that is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. §3553(a), Cesar Guerrero-Nunez respectfully requests that this Honorable Court consider the mitigating information that is mentioned above. Cesar is a 44-year-old father who attempted to enter the United States to provide a better life for himself and his daughters. Acknowledging his wrongdoing, Cesar, accepted responsibility without delay and entered a plea of guilty pursuant to a plea agreement. Cesar, who faces deportation, has vowed not to return to the United States and intends to focus his energy on being with and supporting his daughters. Given the nature and circumstances of the offense, a sentence of thirty-three (33) months in criminal case 22-054 (FAB), to run concurrently with the sentence in Cesar's revocation matter, criminal case 17-105 (FAB), would be sufficient but not greater than necessary to achieve the goals set out in 18 U.S.C. §3553(a).

**WHEREFORE** Mr. Guerrero-Nunez respectfully requests that this Honorable Court sentence him to **thirty-three (33) months** pursuant to his plea agreement in criminal case 22-054 FAB, to run concurrently with the sentence in his revocation case, 17-105 (FAB).

**I HEREBY CERTIFY** that on this date I electronically filed the present motion with the Clerk of Court using the CM/ECF system that will send electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED
In San Juan, Puerto Rico, this 26th day of July 2022.

        **ERIC A. VOS**
        **Federal Public Defender**
        **District of Puerto Rico**

        *S/CHERRELLE HERBERT*
        Cherrelle Herbert
        Assistant Federal Public Defender
        USDC G03010
        241 F.D. Roosevelt Avenue
        San Juan, PR   00918-2305
        Phone No. (787) 281-4922
        Cherrelle_Herbert@fd.org