IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO (SAN JUAN)

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2024 JAN 9 AM9:21

UNITED STATES OF AMERICA
Plaintiff

#3:17-CR-105-01 (FAB)

#3:22-CR-054-01 (FAB)

V.

CESAR NICOLAS GUERRERO-NUNEZ
Defendant

MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT
PURSUANT TO 18 U.S.C. SECTION 3582(c)(2).

NOW COMES, Cesar Nicolas Guerrero-Nunez, Pro Se defendant, and does hereby file this motion for a reduction of term of imprisonment pursuant to Title 18 U.S.C. Section 3582(c)(2), and in support states the following.

I. FACTUAL BACKGROUND.

The defendant in this instant case did knowingly and intentionally attempt to re-enter the United States illegally, having been previously removed subsequent to the conviction of an aggregated felony. On April 4, 2022, the defendant entered into a plea agreement whereby he agreed to plea guilty, and was sentenced to 41 months to run consecutive with 18 months he received for violating his original supervised release. His agrregated sentence is 59 month with three (3) years supervised release.

## II. LEGAL STANDARDS.

Title 18 United States Code, Section 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment- The court may not modify a term of imprisonment once it has been imposed except that-

(2) In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. Section 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable policy statement issued by the Sentencing Commission.

## III. BASIS FOR MOTION.

On April 27, 2023, the United States Sentencing Commission ("the "Commission") submitted to Congress an amendment to the federal sentencing guidelines revising the two criminal history provisions found in Chapter Four of the Guidelines Manual. Specifically, Part A (Status Points under Section 4A1.1. Criminal History Category of the amendment makes targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice (commonly known as "Status Points"). The Commission is now proposing to include the retroactive application of this adjustment to offenders sentenced prior to the enactment of this amendment in the Guidelines, giving it the force of law. Thus, Federal District Court

judges are already granting sentence relief to individuals who have filed, citing the provision of the 2023 Guidelines prior to November 1, 2023, effective date.

Both the relevant federal statute and the Sentencing Guidelines provide that a court has the discretion to decide whether to apply, retroactively, an amended Guideline to reduce the length of incarceration. Under 18 U.S.C. Section 3582(c)(2), if a defendant was sentenced according to a sentencing range that has been lowered by the Sentencing Commission, a court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. See U.S.S.G. Section 1B1.1.

The guidelines instruct that, to determine the extent of a sentence reduction for an eligible defendant, a district court should substitute the provisions that were applied when the defendant was sentenced. U.S.S.G Section 1B1.10(b)(1). Next, leaving all the components of the original sentencing the same, the district court should place the amended sentence in the same position with the amended range as it in the original range. As always, the district court is required to impose a sentence that is "sufficient, but greater than necessary, to serve the purposes of sentencing." 18 U.S.C Section 3553(a).

In this instant case, the defendant scored thirteen criminal history points in accordance with U.S.S.G. Section 4A1.1. Since the defendant violated his supervised release by re-entering illegally into the United States, two (2) points were added per U.S.S.G. Section 4A1.1 (d). As such, the defendant has a total of fifteen criminal history points.

The defendant contends that the enactment of the aforementioned amendments under Section 4A1.1 criminal history category affects his sentence and as such, his sentence should be reduced accordingly. This would place the defendant in a criminal history category of V, which would then result in immediate release.

IV. REHABILITATION.

The defendant ask the court to be merciful to the fact that, while he did enter the country illegally, he did so because his daughter has medical problems. He didn't commit any crimes except the re-entry into the United States. While in prison, the defendant chose to program even though he is being deported out the country. The defendant has sucessfully completed the Drug Abuse Education Course, and the Non-Residential Drug Abuse Program.

CONCLUSION

Wherefore, the defendant prays that this Honorable Court grant his motion for reduction of his federal sentence pursuant to Title 18 Section 3582(c)(2), and reduce his sentence in accordance with the provision of the newly amended guideline range.

Dated: January 3, 2024

Respectfully Submitted,

CESAR NICOLAS GUERRERO NUNEZ

Cesar Nicolas Guerrero-Nunez

CERTIFICATE OF SERVICE

I, Cesar Nicolas Guerrero-Nunez, hereby certify that a true and correct copy of this foregoing instrument, motion for modification of term of imprisonment pursuant to Section 3582(c)(2), has been mailed with first-class postage prepaid on January 3, 2024, to the party listed below, by hand delivering a copy of the same to prison officials at the Federal Correctional Institution Otisville mailroom, for mailing through the internal legal system.

Jodan H. Martin
Assistance United States Attorney
Federico Degetau Federal Building
150 Carlos Chardon Avenue Room 150
San Juan, PR 00918

Respectfully Submitted,

CESAR NICOLAS GUERRERO NUNEZ
Cesar Nicolas Guerrero-Nunez